Armour Transportation Company, Appellant, *v.*
Pennsylvania Public Utility Commission.

Argued September 28, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Charles G. Gartling,* for appellant.

*Solomon Freedman,* with him *Harry H. Frank* and
*Harry M. Showalter,* for appellee.

OPINION BY BALDRIGE, J., December 19, 1939:

This appeal had its origin in a proceeding instituted
by the Pennsylvania Public Utility Commission, upon
its own motion, against the Armour Transportation
Company, the appellant herein, to determine whether
or not penalties and forfeitures should be imposed for
operating in violation of the Public Utility Law of
1937. The Commission, after hearing, by order, dated
April 25, 1939, revoked and rescinded the respondent's
rights as a common carrier, directing it to cease and
desist as such, and imposed a fine of $500. The ap-
pellant asserts that this order is void because no formal
complaint was filed containing specific charges of viola-
tion of law by it to which it could prepare and file an
answer.

The appellant's original certificate, granted June 26, 1934, permitted it to transport household goods and office furnishings between points in the city and county of Philadelphia and from Philadelphia to other cities in the state, subject to the condition that it would comply with all the provisions of the Public Service Company Law and General Order No. 29, effective January 1, 1933, or as thereafter revised, and any other rules and regulations thereafter prescribed by the Commission.

On July 1, 1936, application for a renewal of the appellant's certificate was refused, from which order an appeal was taken to this court. We granted a supersedeas pending disposition of the appeal. Before that appeal could be argued in this court, the present Commission's petition for the remission of the record was granted, upon the understanding that no new testimony was to be introduced. The Commission has not yet acted upon that remittitur.

After various other proceedings, not now material, the present inquiry and investigation was, on February 8, 1938, instituted by the Commission, the order reads as follows:

"Pennsylvania Public Utility Commission has received information that Armour Transportation Company has operated as a common carrier of property within the Commonwealth of Pennsylvania, in violation of the Public Utility Law; THEREFORE,

"Now, to wit, February 8, 1938, Pennsylvania Public Utility Commission hereby institutes an inquiry and investigation upon its own motion for the purpose of determining whether Armour Transportation Company has violated the provisions of the Public Utility Law and has thereby incurred penalties and forfeitures provided by law.

"IT IS ORDERED: That a copy of this order of inquiry and investigation be served upon Armour Transportation Company, respondent; answer thereto to be filed on or before March 17, 1938, and that the case be

set down for hearing on Friday, March 25, 1938, at 10:00 A. M., Room 496, City Hall, Philadelphia."

Notice was served on and acknowledged by the appellant, March 14, 1938.

The Commission held two hearings, at which testimony (not before us on this record) was apparently introduced by the Commission. The appellant was given an opportunity to present testimony two weeks from the date of the last hearing. It refused to do so, alleging then, as all the way through this proceeding, that the order was unlawful because no written complaint had been filed setting forth any specific violations by it of the Public Utility Law. In its report accompanying the order now appealed from the Commission reviewed the evidence and found that "respondent has operated in violation of the restrictions contained in its certificate of public convenience, and has endeavored to evade those restrictions by means of a subterfuge; it has not complied with the requirements of General Order No. 29 in that it has operated in violation of Rule 13(a) by not obtaining an equipment certificate before operating its motor vehicles over the highways of the State; it has operated in violation of Rule 13(b) in that it has not informed the Commission whenever a new motor vehicle was added to its equipment or one truck was substituted for another; it has operated in violation of Rule 15 in that it has not adequately carried the proper public liability and property damage insurance coverage for all its equipment, and has carried cargo insurance of only a $1000; it has failed to file with the Commission any evidence of insurance as required by Rule 15; and it has failed to notify the Commission of all accidents arising from the operation of its motor vehicles as required by Rule 17." Accordingly, the Commission revoked appellant's operating privileges, and imposed a penalty as above stated.

In our opinion, the order appealed from was void (1) because it was not made in conformity with the

statute, and (2) because the failure to inform appellant of the nature of the violations charged, by the filing of a reasonably specific written complaint, constituted a denial of procedural due process in violation of state and federal constitutional provisions.

(1) The power of the Commission to conduct an investigation upon its own motion is not questioned, but a proper construction of the applicable statutes gives this appellant the right to be apprised of the nature of the violations asserted, by the filing of a proper written complaint.

Section 1001 of Article 10 of the Act of May 28, 1937, P. L. 1053, (66 PS §1391) provides:

"The commission, or any person, corporation, or municipal corporation having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission. Any public utility, or other person, or corporation, subject to this act, likewise may complain of any regulation or order of the commission, which the complainant is or has been required by the commission to observe or carry into effect. The commission, by regulation, may prescribe the form of complaints filed under this section."

Section 1002 (66 PS §1392) of the same act provides for the manner of service of complaints filed, upon the parties interested or affected. Section 1008 (66 PS §1398) permits the Commission to conduct investigations of any public utility upon its own motion.

In our opinion, section 1001, supra, clearly requires in the present case that a formal complaint in writing be made, setting forth with reasonable particularity the violations of the utility laws or orders of the Commission promulgated thereunder. The very object of the complaint, of course, is to inform definitely the one

against whom it is made of the nature of the charges. That is only fair. We cannot conceive of any other possible purpose of the section, and it is meaningless unless so construed.

Our decision in *DeLucca's Liquor License Case,* 124 Pa. Superior Ct. 500, 190 A. 195, throws light on the general necessity of informing one of the nature of the charges made against him. In that case, the Court of Quarter Sessions of Philadelphia County revoked the liquor license and forfeited the bond of a licensee without giving him any notice whatsoever of the proceeding. In holding this order invalid, we said, speaking through Judge CUNNINGHAM (pp. 508, 509) : "...... the licensee *must be informed that he has been charged with specific violations of the liquor laws,* or of the regulations of the Pennsylvania Liquor Control Board, and will be given a hearing at a designated time and place, and such notice must be given a sufficient length of time prior to the hearing to afford him a reasonable opportunity to meet the charges. ...... Under all the authorities, notification, in a manner reasonably calculated to give a party knowledge of a proposed exercise of jurisdiction, and an opportunity to be heard are essential requisites of due process of law in judicial proceedings." (Italics supplied.)

The present proceeding before the Commission, involving the forfeiture of appellant's franchise and the imposition of a fine, based upon its alleged violations of law, bears an analogy to criminal charges against an individual, in which proceeding the right to be informed of the nature of the charge is fundamental: Constitutional Limitations, Cooley (8th Ed., 1927), vol. 1, page 637; *Hollister v. The Commonwealth,* 60 Pa. 103, 105.

The appellee argues that the procedure in this case is the same as has been uniformly followed, and which was adopted in *Pa. P. U. C. v. Gornish et al.,* 134 Pa. Superior Ct. 565, 4 A. 2d 569, and *Railway Exp. Agency, Inc. v.*

*Pa. P. U. C.,* 134 Pa. Superior Ct. 405, 4 A. 2d 176. The question now before us was not raised or considered in either of those cases, or in any other case that has been cited or which we have found. No doubt if our attention had been directed to this practice, we would have condemned it, as we do now.

We could end our discussion at this point, as we think the proper interpretation of the statute referred to justified the appellant in demanding that a specific written complaint be filed against him.

(2) If our construction of the statute is incorrect, there would arise the question whether the appellant has been deprived of the constitutional right of due process.

The requirement of due process of law in procedural matters applies to proceedings before administrative tribunals as well as before judicial bodies. It is a well-recognized principle in, our law that no man's property rights shall be impaired or penalties imposed without notice and an opportunity to appear and be heard: *Natl. Automobile Service Corp. v. Barfod,* 289 Pa. 307, 137 A. 601. Our present Chief Justice in that case stated (pages 311-312) : "The requirement of due process of law, however, applies to administrative as well as to judicial proceedings. The doctrine of notice and hearing thus becomes a more potent force in our land because it applies to the decisions and acts of administrative officials and, unless there are extraordinary emergencies, this essential requisite of due process cannot be dispensed with. ...... The courts must always be free to determine on their independent judgment whether the specific act infringes the constitutional limitation; and where substantial property rights are impaired, it must be predicated on notice and opportunity to be heard: *Rutherford's Petition,* 72 Pa. 82; *North Laramie Land Co. v. Hoffman,* 268 U. S. 276."

Chief Justice HUGHES, in holding that a state commission, in fixing gas rates to be charged by a utility,

had afforded the latter "procedural due process", stated, in *Railroad Commission v. Pacific Gas & Electric Co.,* 302 U. S. 388, 393, 58 S. Ct. 334, 82 L. ed. 319: "The right to a fair and open hearing is one of the rudiments of fair play assured to every litigant by the Federal Constitution as a minimal requirement: *Ohio Bell Telephone Co. v. Public Utilities Comm'n,* 301 U. S. 292, 304, 305. There must be due notice and an opportunity to be heard, the procedure must be consistent with the essential of a fair trial, and the Commission must act upon evidence and not arbitrarily." Justice CARDOZO, in the Ohio Bell Telephone Company case, discussing the necessity of an open and fair hearing, said (p. 305) : "There can be no compromise on the footing of convenience or expediency, or because of a natural desire to be rid of harassing delay, when that minimal requirement has been neglected or ignored."

Our President Judge, in *Nelson v. Garland et al.,* 123 Pa. Superior Ct. 257, 266, 187 A. 316, stated: "There are a number of cases in the federal courts ...... which hold that the 'due process' and 'equal protection' clauses in the 14th Amendment to the federal constitution require that a party affected by a judgment, award or decree shall have notice of the proceeding and an opportunity to be heard; and that corporations, including municipal corporations, are within the protection of the amendment. [Citing cases]. The corresponding provision of our own constitution (Art. I, §9) warrants the ruling that wherever liability is sought to be imposed on a person or corporation ...... as a result of a hearing before some court, magistrate, board or tribunal, it is a necessary prerequisite to such liability that the party, if within the jurisdiction, shall have notice of and opportunity to appear and be heard at such hearing." See, also, *Kariher's Petition (No. 1),* 284 Pa. 455, 470, 131 A. 265.

The question of what is proper notice, or, as here, of what constitutes a specific designation of the issue

raised or charges made, depends necessarily upon the facts of each case, the type of investigation being conducted, the violations alleged, and the penalty or order sought to be imposed. Where the purpose of the investigation by the Commission is only to determine the reasonableness of rates charged by a utility, a different standard would seem to apply than where the franchise of the utility is sought to be revoked for violation of the utility laws and a penalty or fine imposed.

Our conclusion is that the appellant was denied its constitutional rights.

The order of the Pennsylvania Public Utility Commission is reversed, and it is directed to pay the costs of this appeal.