Pittsburgh, Appellant, *v.* Pennsylvania Public Utility Commission

84

Argued April 30, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Leon Wald,* Assistant City Solicitor, and *Anne X. Alpern,* City Solicitor, for appellant.

*Samuel Graff Miller,* with him *Harry M. Showalter,* for appellee.

*Albert M. Calland,* with him *David E. Mitchell,* for intervenor, Manufacturers Light & Heat Co.

OPINION BY KENWORTHEY, J., July 16, 1943:

This is an appeal by the City of Pittsburgh from the order of the Public Utility Commission in which the Commission dismissed appellant's complaint for want of prosecution. At the time the order was made there were pending before the Commission three proceedings against the Manufacturers Light and Heat Company. The first of these at Docket No. C-11380, Sub. 18, was a blanket inquiry issued by the Commission in 1937 against every gas company in Pennsylvania. Appellant's complaint, at Docket No. C-13558, was filed June 17, 1941; in it appellant requested the Commission to enter upon a hearing concerning the lawfulness of certain proposed rates of the utility and to suspend the

operation of said rates pending the hearing and decision. The third was the Commission's proceeding, at Docket No. C-13565, inquiring into the lawfulness and reasonableness of the proposed rates.

At the first hearing, counsel for the Commission stated the nature of these proceedings and that he had "no objection if the parties desire to have the proceedings consolidated for hearing." He indicated, however, that he thought appellant's complaint should be conducted with a separate record since it applied to some but less than all of the proposed increased rates. He said he wanted it clearly understood that appellant's proceeding was to be separate in legal contemplation. He said: "Just what is covered by the City of Pittsburgh's complaint, or what issue it may desire to raise in that complaint, of course, I do not know." Counsel for appellant acquiesced in this arrangement and said: "At least the City's case will follow as a separate case." The examiner then said: "The complaint of the City of Pittsburgh against the respondent will be heard separately." It seems to have been mutually understood that this arrangement should continue until and unless the Commission allowed appellant to intervene in its own proceeding.

Appellant petitioned for leave but the Commission refused to allow it to intervene.

There were apparently sixteen hearings. Although there is a conflict as to the number at which appellant was represented, it was represented at some of the earlier hearings but not at the later ones. Counsel for appellant took no part in the proceedings by the examination of witnesses and offered no evidence.

On motion of the utility made at the last hearing, the Commission subsequently issued a rule on appellant to show cause why its complaint should not be dismissed for lack of prosecution. In its answer, appellant explained its failure to offer any evidence or to take active part in the proceedings on the ground that

the Commission's evidence was in elaborate detail and was adequate to meet all of the questions which were involved; and it averred the proceedings were closely followed and transcripts of the record were carefully studied and that "the City of Pittsburgh hereby moves your Commission to adopt as the record of the proceedings at No. C-13558, the record of the proceedings before your Commission at No. K-13565 and C-11380."

In its order, the Commission not only dismissed the complaint for lack of prosecution, but refused the motion of appellant that the record of the Commission's cases be incorporated by reference into appellant's case.

We think the solution of the problem whether the Commission abused its discretion in dismissing appellant's complaint depends upon the more fundamental problem whether the Commission abused its discretion in refusing appellant's motions for intervention or consolidation. If the Commission was bound to merge the proceedings, it clearly had no right to eliminate appellant until it adjudicated the merits. If, on the other hand, the Commission's action in refusing the merger should be sustained, appellant is in the position of having filed a complaint in June, 1941, pursuant to which it had taken no steps whatever until the Commission's order dismissing it was filed on June 16, 1942.

In our opinion, there is nothing in the Public Utility Law or in the decisions construing it which required the Commission to permit appellant to intervene in the Commission's proceedings and the order of the Commission must be affirmed.

The notion is prevalent that a municipality has the right to intervene and represent its citizens in every rate inquiry affecting them. But the Public Utility Law reposes the responsibility for the regulation of utilities and the preservation and protection of the rights of the public involved in the Commission, not in municipalities. Questions of procedure, including

the question whether parties should be allowed to intervene in one another's proceedings, are subordinate to the paramount functions of the Commission and should be left to its discretion so long, of course, as it observes the basic requirements designed for the protection of private as well as public interest. See *F. C. C. v. Pottsville Broadcasting Co.*, 309 U. S. 134, 138, 60 S. Ct. 437. Perhaps the Commission should adopt the practice of permitting municipalities to intervene as representatives of interested consumers, but no applicable rule of the Commission has been called to our attention and in the absence of one appellant's standing is that of an individual consumer merely. And to what extent consumers, whose intervention is bound to impose a hampering restriction upon the functioning of the administrative process, should be permitted to intervene is within the sound discretion of the Commission to be exercised in each individual case.

There is nothing in this record to indicate that appellant is in a position different from that of any other of the large number of consumers served by the utility involved except, perhaps, that its complaint touched off the Commission's proceeding at Docket No. C-13565. Having done nothing more than file the complaint and "follow" the proceedings it is in no better position than the others to demand the right to intervene. In effect, it has done no more than other consumers who have sat by and watched the Commission carry out the functions and duties imposed upon it by the law. Its rights rise no higher than the rights of the others and against the order which the Commission ultimately makes it will have such remedy or remedies as the law allows to any consumer injured thereby.

The order is affirmed, costs to be paid by appellant.