W. J. Dillner Transfer Co., Appellant, *v.* Pennsylvania Public Utility Commission (No. 1).

Argued March 9, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT and ERVIN, JJ.

*Ernie Adamson,* with him *J. Paul Rupp, Douglass D. Storey* and *Storey, Bailey & Rupp,* for appellant.

*Thomas M. Kerrigan,* Assistant Counsel, with him *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*W. G. Johnstone, Jr.*, with him *Windolph & Johnstone*, for intervenor, appellee.

*James W. Hagar*, with him *McNees, Wallace & Nurick*, for intervenor, appellee.

*Paul F. Barnes*, with him *Shertz, Barnes & Shertz*, for intervenors, appellees.

OPINION BY RHODES, P. J., July 13, 1954:

This is an appeal from an order of the Pennsylvania Public Utility Commission sustaining a complaint and directing that, "except as authorized by this Commission, W. J. Dillner Transfer Company forthwith cease and desist from the transportation of property from points in Allegheny County to points in Pennsylvania beyond fifty (50) miles from the City of Pittsburgh."

Appellant, W. J. Dillner Transfer Company,[1] admitted transporting the property, a shipment of nails, from Rankin, near Pittsburgh, to Lancaster, Pennsylvania. Upon a complaint filed by Lancaster Transportation Company, the issue before the Commission developed into the question whether appellant's certificated authority authorized it to transport general property to points in Pennsylvania beyond fifty miles of the City of Pittsburgh. The Commission held that appellant had no authority to handle the shipment concerning which the complaint was made, and entered the cease and desist order.

In addition to asserting that the Commission erred in interpreting appellant's authority under its certificates, appellant raises certain questions relating to procedural due process. We therefore deem it necessary

---

[1] Appellant is a corporate motor carrier and a successor in interest to a partnership, W. J. Dillner Transfer and Storage Company.

to give a brief chronology of the steps taken before the Commission and on appeal. The complaint of Lancaster Transportation Company set forth that appellant, "on or about March 29, 1950, . . . transported a load of nails from the American Steel and Iron Company at Rankin, Pennsylvania to the Steinman Hardware Company, at Lancaster, Pennsylvania." The complaint referred specifically to appellant's certificated authority at A. 61744, Folder 3, whereby appellant was authorized to transport shipments weighing 5,000 pounds or more, requiring special handling and the use of special equipment, from points in Pittsburgh and within a radius of fifty miles thereof to other points in Pennsylvania.[2] The complaint further alleged generally that the shipment of nails was made without authority from the Commission and in violation of appellant's certificate of public convenience. In its answer appellant admitted transportation of the shipment as alleged but claimed the right to transport such property under its certificates. In its answer appellant expressly set forth rights given it by the Commission at A. 61744, Folder 2, as the basis of its authority to transport property from points in Allegheny County to points in Pennsylvania. Appellant incorporated in the record by reference its certificated authority at A. 61744, Folder 2, at the hearing on Sep-

---

[2] An order of the Commission dated May 19, 1947, granted appellant the following right:

"To transport as a Class C. carrier, property in shipments weighing five thousand (5,000) pounds or more, which because of its size or weight requires special handling and the use of special equipment such as trucks having winches or special equipment attached, or trucks of special body construction, or pole trailers, or drop-frame trailers, from points in the City of Pittsburgh, Allegheny County, and within a radius of fifty (50) miles thereof, to other points in Pennsylvania."

tember 7, 1950, and relied upon the following for its alleged right to transport general property:

"(2) To transport, as a Class C carrier, property from points in said county [Allegheny] to other points in Pennsylvania; . . . subject to the following conditions, . . .

"Second: That in the transportation of merchandise from retail stores to customers within the City of Pittsburgh and the County of Allegheny, the certificate holder is limited and restricted to shipments where the goods of only one shipper will be transported on a truck at any one time.

"Third: That the rights, powers and privileges hereby granted with respect to the transportation of goods from points within the City of Pittsburgh and within the County of Allegheny to points outside of Allegheny County are limited to truckload shipments of two thousand pounds or more in weight from one consignor to one consignee, and to points within fifty (50) miles by the usually traveled highways of the City-County Building, Pittsburgh; provided, however, that this restriction shall not apply to the transportation of household goods and office equipment in use . . ."

In the language of the Commission, "The contention of the [appellant] is that nails constitute 'property' but not 'goods' and that, therefore, the 50-mile radius limitation on 'goods' does not apply to the shipment of nails." In its order of December 18, 1950, the Commission rejected appellant's contention, and construed the words "property" and "goods" as synonymous, and held that the limitation to a fifty-mile radius of Pittsburgh applied to the shipment complained against, and that appellant lacked the authority asserted. Accordingly, the Commission, in its order of December 18, 1950, sustained the complaint, directed appellant, except as authorized by the Commission, to

"cease and desist from the transportation of property or goods from points located within Allegheny County to points more than fifty (50) miles by the usually traveled highways from the City-County Building, Pittsburgh."

From the order of the Commission of December 18, 1950, appellant appealed to this Court. Thereafter, upon petition by the Commission, this Court, by order dated March 20, 1951, remanded the record to the Commission "for further hearing, study and consideration and the entry thereafter of such an order in lieu of the order of December 18, 1950, as may be deemed just and proper . . ." Upon return of the record to the Commission, about fifteen carriers, including Motor Freight Express, petitioned the Commission to intervene in the original complaint proceeding and were granted such permission. Appellant's motion to vacate the granting of the petitions to intervene and to strike the petitions from the record was denied. Appellant presented a petition to this Court for a rule on the Commission to show cause why the allowance of the interventions should not be stricken from the record. The Commission filed its answer to the rule issued upon the petition. By our order of March 17, 1952, we discharged the rule without prejudice to appellant's right to question, upon return of the record to this Court, the validity and legality of the Commission's action in allowing intervention of any party after the record had been returned to the Commission and while the appeal was still pending in this Court.

The Commission then held further hearings at which evidence as to rights originally granted appellant, or its predecessor, at A. 24706, was introduced, as well as evidence as to rights at A. 61744. Appellant also presented extensive evidence relating to any rights ever granted to or acquired by it as a motor carrier.

On November 10, 1953, the Commission issued an order, in lieu of the order of December 18, 1950, in which it reviewed the evidence, construed the certificates as not granting the appellant the authority asserted, and ordered appellant to cease and desist, "except as authorized by this Commission, . . . from the transportation of property from points in Allegheny County to points in Pennsylvania beyond fifty (50) miles from the City of Pittsburgh." Appellant's petition for rehearing was denied by the Commission.

Under section 1107 of the Public Utility Law of May 28, 1937, P. L. 1053, as amended, 66 PS §1437, our scope of review on appeal is limited to a determination of whether there is error of law or lack of evidence to support the finding, determination, or order of the Commission, or violation of constitutional rights. *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* 170 Pa. Superior Ct. 411, 415, 85 A. 2d 646; *Zurcher v. Pennsylvania Public Utility Commission,* 173 Pa. Superior Ct. 343, 347, 98 A. 2d 218.

Furthermore, the Commission, as an administrative agency, is peculiarly fitted to interpret its own orders, especially where the question raised concerns the extent and limit of transportation rights granted a carrier under a certificate issued by the Commission. In recognition of this principle a court will not set aside a construction placed upon its own orders by an administrative agency unless the result is clearly erroneous, arbitrary, and unsupported by evidence. 42 Am. Jur., Public Administrative Law, §101, p. 431. Cf. *Adirondack Transit Lines, Inc. v. United States,* 59 F. Supp. 503; *Dart Transit Co. v. Interstate Commerce Commission,* 110 F. Supp. 876.

On the substantive question of appellant's authority to haul the shipment, which was the subject of the

complaint, there was ample evidence to support the finding of the Commission. The Commission recited the various grants of authority under which appellant and its predecessor operated. This evidence disclosed numerous instances where appellant or its predecessor had requested special permission to transport and had made applications for additional authority. Such action was inconsistent with a general right to haul property or goods without restriction from Pittsburgh, or within fifty miles thereof, to any point in Pennsylvania. Appellant must rely on the authority contained in the various certificates issued by the Commission from which no appeal was taken. Cf. *McCormick v. Pennsylvania Public Utility Commission*, 151 Pa. Superior Ct. 196, 30 A. 2d 327. There was no evidence in the record supporting appellant's claim of unlimited authority on the basis of lost certificates or of usage prior to 1914. The Commission in its order of November 10, 1953, made this pertinent summation: "Nothing more than a cursory examination of the original Dillner applications and records is required in order to reach the conclusion that Dillner never sought, was never granted, and, therefore, does not now have the right to transport general property from Allegheny County to any point in Pennsylvania."

Appellant argues it was not sufficiently apprised of the issue in that the complaint set forth and charged a violation of appellant's authority at Folder 3 of A. 61744, whereas the Commission based its finding of violation particularly on an interpretation of authority granted at Folder 2 of A. 61744. Admittedly the requirement of procedural due process applies to proceedings before administrative tribunals as well as judicial bodies. The question of what constitutes a specific designation of the issue raised or charges made depends upon the violation alleged and the type of

investigation being conducted. *Armour Transportation Co. v. Pennsylvania Public Utility Commission,* 138 Pa. Superior Ct. 243, 250, 251, 10 A. 2d 86; *Ryan v. Pennsylvania Public Utility Commission,* 143 Pa. Superior Ct. 517, 521, 17 A. 2d 637. Paragraph 9 of the complaint, denied in appellant's answer, alleged that the transportation in question was generally "without authority from the Public Utility Commission and in violation of the Certificate of Public Convenience" which appellant held. At the initial hearing appellant's counsel admitted the shipment, offered in evidence appellant's certificates at Folders 2 and 3 of A. 61744, and expressly joined issue on the general question of appellant's authority to transport such shipment under any certificate held by it. The entire proceeding was directed to the question whether authority could be found in any certificate granting appellant the general right of haulage asserted. Appellant was fully aware of the issue. There is no warrant for a conclusion that appellant was denied procedural due process on this ground.

Appellant asserts that, by reason of the additional hearings held on remission of the record to the Commission from this Court, it has been tried twice on a single complaint. Following the appeal from the Commission's order of December 18, 1950, we remanded the record at the instance of the Commission for further proceedings. The petition of the Commission sought remission so that the record could be augmented and a complete analysis made of any and all rights granted appellant from its inception to the present time. The petition of the Commission further set forth that, in view of the broad authority claimed by appellant, the questions raised could not properly be disposed of on the meager record before this Court on appeal. We may remand a record to the Commission for further

proceedings, including the taking of additional evidence. Sections 1106 and 1107 of the Act of May 28, 1937, P. L. 1053, 66 PS §§1436, 1437. Our power to order such remand may be exercised either before the appeal is argued or after it is heard. Cf. *Lehigh Valley Railroad Co. v. Public Service Commission,* 80 Pa. Superior Ct. 139; *Bickley v. Pennsylvania Public Utility Commission,* 129 Pa. Superior Ct. 115, 195 A. 162; *Pittsburgh v. Pennsylvania Public Utility Commission,* 171 Pa. Superior Ct. 187, 90 A. 2d 607. At the further hearings all parties, including appellant, were allowed to introduce additional evidence. And appellant was thereby afforded a full opportunity to point to authority for its action and to obtain a definition of its rights. Appellant joined in making the issue at these additional hearings of which it received ample notice; and the Commission could thereafter properly enter a final amended order. See section 1007 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1397. The principles governing judicial review of administrative action do not preclude a court from giving an administrative body an opportunity to correct or supplement its original order. *Ford Motor Co. v. National Labor Relations Board,* 305 U. S. 364, 375, 59 S. Ct. 301, 308, 83 L. Ed. 221. The subsequent hearings were on the identical issue raised in the original complaint, and appellant was not deprived of any right thereby.

Finally, appellant questions the validity of the Commission's order allowing intervention of several competing carriers following the remand of the record by this Court prior to argument of the appeal. Procedural questions relating to the addition of formal parties to a proceeding and the allowance of intervention in proceedings before administrative bodies are matters primarily within the discretion of the Commission, subject to the basic requirements of procedural due

process such as notice and opportunity to be heard. *Pittsburgh v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 83, 86, 87, 33 A. 2d 641. Under the statute (section 1104 of the Act of May 28, 1937, P. L. 1053, 66 PS §1434), this Court is given the power to permit intervention by parties on appeal. However, intervention cannot be allowed where it would prejudice a party's rights or defeat the purpose underlying a statute. Cf. *Smith v. Pennsylvania Public Utility Commission,* 174 Pa. Superior Ct. 252, 257, 101 A. 2d 435. It is unnecessary to rule upon the validity of the action of the Commission in allowing numerous other carriers to intervene after remand. It does not appear that the issue was changed, that the proceedings were delayed, or that appellant was prejudiced or deprived of due process by reason of the interventions. The original complainant, Lancaster Transportation Company, remained a party throughout the proceedings before the Commission, and is a party-appellee on appeal. The addition of other parties by intervention following remand was, at most, merely cumulative.

The order of the Commission from which this appeal has been taken is not invalid because it is too broad or too general in its terms. Appellant by its answer to the complaint and by the introduction of evidence joined issue on the question of its authority to transport general property in the Commonwealth beyond a fifty-mile radius of the City of Pittsburgh. The findings made by the Commission on the question of appellant's authority were amply supported by the evidence; the order appealed from was proper and contains no error of law.

The order of the Commission is affirmed.