John E. SELLERS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2114.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 3, 1958.

Decided June 20, 1958.

Josiah Lyman, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

A Public Utilities Commission regulation governing the operation of vehicles for hire provides:

"No owner or operator of a vehicle licensed to operate under authority of Paragraphs 31(c) or 31(d) of the Act of July 1, 1932 shall permit or authorize any person to operate any such vehicle unless the said person possesses a valid character license issued under the provisions of Paragraph 31 (e) of the Act of July 1, 1932." [1]

Appellant was charged in an information with the violation of this regulation and convicted by the court sitting without a jury.

The evidence established that on July 26, 1957, appellant placed a taxicab owned by American Transportation, Inc., in the possession of John Nuckles. On this date Nuckles was qualified to operate the taxicab and held a valid license of the type prescribed in the above regulation. Five days later Nuckles' character license expired, and failing to renew it he was found to be operating the taxicab in the District unlicensed on August 26. Appellant was thereafter charged with a violation of the Commission's regulation in that as "the person in charge" of the vehicle driven by Nuckles he permitted and authorized him to operate it although he did not have a license. At the close of the case a motion for acquittal was denied and sentence was imposed.

Appellant argues in this appeal that the conviction was improper since the offense set forth in the regulation could only be committed by an "owner" or an "operator" and that appellant was neither charged nor proved to be either. This contention is well founded. Unlike the similar provision governing non-commercial vehicles which embraces owners, operators, and persons having custody of a vehicle,[2] the Public Utilities Commission

---

1. Public Utilities Commission Order No. 1697, amending Section 29(c) of Order No. 1059.

2. See Motor Vehicle and Traffic Regulations, Art. XIX, § 157(m).

regulation is directed only to *owners* and *operators* who permit unlicensed persons to drive.

While appellant's exact authority is not clear from the record, it is apparent that he did have an arrangement with American Transportation to rent certain taxicabs or to provide drivers. The evidence of both sides, however, unequivocally establishes that he was not an owner, nor did he have a proprietary interest in the corporation or its vehicles. Neither does appellant come within the ambit of an operator. In an earlier regulation the Commission itself defined an operator as "the individual actually driving the taxicab."[3] Unless plainly erroneous a court will consider an administrative construction or definition of a regulation controlling.[4] We need not develop this further as we think the Commission's definition is binding and it is clear that appellant does not come within either class of offenders contemplated in the regulation.

Citing Jack Berman, Inc. v. District of Columbia, D.C.Mun.App., 132 A.2d 147, the government contends that the conviction is justified on the ground that appellant aided and abetted American Transportation, Inc., an owner within the regulation. It is obvious that this theory is advanced for the first time on appellate level. In accordance with Code 1951, § 22–105, one accused of aiding and abetting must be charged in the information as a principal offender. The printed form of the information is drafted to permit a charge against either an owner or person in charge of the vehicle. The word "owner" was stricken by the government so that appellant was in fact accused as "the person in charge" of the vehicle and the trial court found him "guilty of the offense charged in the information." Moreover, the evidence here does not comport with that of a case tried on the theory of aiding and abetting.[5]

The conviction is therefore Reversed.

---

3. Public Utilities Commission Order No. 956. This definition, with others, appears in the preface of the Public Utilities Commission Digest of Regulations, Taxicabs and Sightseeing Vehicles Less Than Eight Persons.

4. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700; W. J. Dillner Transfer Co. v. Pennsylvania P. U. Comm., 175 Pa.Super. 461, 107 A.2d 159, appeal dismissed 349 U.S. 903, 75 S.Ct. 580, 99 L.Ed. 1240.

5. For a discussion of evidence in aiding and abetting cases, see the dissenting opinion in Allen v. United States, D.C. Cir., 257 F.2d 188; Johnson v. United States, 8 Cir., 195 F.2d 673, 675.