Academy Plaza Associates, Ltd., Appellant *v.* Board of Revision of Taxes, City of Philadelphia, Appellee.

518

Argued December 13, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Robert R. Guzzardi,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE KALISH, January 31, 1986:

On November 18, 1983 appellant applied for and was issued a building permit. Almost a year after the issuance of this permit, namely on July 27, 1984, appellant filed for a tax exemption. The application was denied as untimely filed. Appellant then sought relief by filing a petition with the common pleas court for permission to file an application for an exemption *nunc pro tunc.* This permission was denied. We affirm.

Appellant contends that his failure originally to file on time was due to the Board's failure to provide him with adequate notice of his right to claim an exemption and that since this is a property right it cannot be denied him except by due process of law and that this requires adequate notice.

We affirm the action of the common pleas court.

Councilmanic Ordinance 1130/1744-A, section 19-1303(3) of The Philadelphia Code, authorizes the Board of Revision of Taxes to grant exemptions within sixty days of the date the building permit is issued. The taxpayer applies in writing on forms provided by the Board and the forms must be filed within a specified time period. The ordinance also provides that the applicant shall be notified by the Board of Revision of Taxes of a possibility of a tax exemption.

In the lower right-hand corner of the appellant's application for the building permit appeared this notification:

Information for exemption from real estate on improvement of properties may be obtained by contacting the Board of Revision of Taxes, Room 303 City Hall Annex, Philadelphia, Pa. 19107 MU6-4340.

A court may not extend the time period within which an applicant may ask for an exemption by permitting a petition *nunc pro tunc* absent a showing of fraud or its equivalent, except in some very unique and exceptional instances. *Philadelphia v. Rohm & Haas Co.*, 5 Pa. Commonwealth Ct. 287, 290 A.2d 428 (1972); *Yatzor v. Washington Township Commissioners*, 2 Pa. Commonwealth Ct. 614, 280 A.2d 130 (1971). Timeliness of such a request goes to jurisdiction and affects the competency of the appellate court to act. The court has no jurisdiction to set back and to resurrect the question of an exemption. *In Re: Petition of Mausoleum Construction Co.*, 55 Pa. Commonwealth Ct. 504, 423 A.2d 809 (1980).

Furthermore, where the applicant has failed to voice his objection to the failure to grant an exemption within the proper time, he must be deemed to have waived all right to assert any constitutional objections which might have afforded him protection had he chosen to invoke it at the proper time. *Wilson v. Philadelphia School District*, 328 Pa. 225, 195 A. 90 (1937).

The right to apply for an exemption is a property right and as such is afforded the safeguards surrounding procedural due process as applied to administrative bodies. *Armour Transportation Co. v. Pennsylvania Public Utility Commission*, 138 Pa. Superior Ct. 243, 10 A.2d 86 (1939). The question, of course, is what constitutes adequate notice under these circumstances.

Proper notice is such notice as is reasonably calculated to inform the taxpayer of his right to apply for an exemption. *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau*, 504 Pa. 179, 470 A.2d 938 (1983).

The notice on the application was clear and had the appellant simply contacted the Board of Revision of Taxes he would have been adequately informed of

the necessary information pertaining to his claim for an exemption.

It is the burden of the taxpayer when he seeks an exemption to make an application to the Board of Revision of Taxes. *Four Freedoms House, Inc. v. City of Philadelphia*, 443 Pa. 215, 279 A.2d 155 (1971).

This burden does not offend due process procedurally since the municipality may reasonably regulate procedures under which its laws are carried out. *Speiser v. Randall*, 357 U.S. 513 (1958).

ORDER

The order of the Court of Common Pleas of Philadelphia County entered at No. 5823 October Term, 1984, dated January 25, 1985, is affirmed.