### 511 A.2d 281

Northwood Nursing Care and Convalescent Home, Inc., Appellant *v.* City of Philadelphia, Board of Revision of Taxes, Appellee.

402

Argued April 8, 1986, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joseph C. Bright, Jr.*, with him, *Kathleen Meriwether, Drinker, Biddle* & *Reath*, for appellant.

*Joy J. Bernstein*, Assistant City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, June 27, 1986:

This is an appeal by Northwood Nursing Care and Convalescent Home, Inc. (Appellant) from an order of the Court of Common Pleas of Philadelphia County

(trial court) which denied Appellant's petition for leave to file an application for exemption of taxes *nunc pro tunc*. We affirm.

On June 10, 1983, Appellant's architect applied to the Department of Licenses and Inspections of the City of Philadelphia for a building permit to construct an addition to its nursing care facility located in the City of Philadelphia (City). The building permit was issued on July 12, 1983, and contained the following notice:

> Information for exemption from real estate taxes on improvements to properties may be obtained by contacting the Board of Revision of Taxes, Room 303, City Hall Annex, Philadelphia, PA 19107, MU6-4340.

The notice was placed on the building permit pursuant to Section 19-1303(3) of the Philadelphia Code (§19-1303(3)) which provides:

> (3) Procedure for Obtaining Exemption
>
> (a) At the time a building permit for construction of an improvement is applied for, the Department of Licenses and Inspections shall notify the applicant by a printed notice of the possibility of a tax exemption under this bill. Within sixty (60) days of the date the building permit is issued, the taxpayer shall apply to the Board of Revision of Taxes for such exemption. The application shall be in writing and must be filed within the specified time period.

On October 11, 1984, Appellant filed an application for exemption from taxes on the addition to the nursing care facility. The application was denied by the Board of Revision of Taxes (Board) for the City because it had not been filed within the sixty-day period provided by §19-1303(3). Appellant filed a petition for leave to file an application for exemption of taxes *nunc pro tunc* with the trial court. The trial court denied the petition because

it found that the notice printed on the building permit was sufficient to alert Appellant of its rights and, therefore, there was no fraud or breakdown in the operation of the judicial system which would warrant extending the time period for requesting a tax exemption by a petition *nunc pro tunc.*

Appellant now appeals to this Court asserting that the time limitation imposed by §19-1303(3) is invalid because it is not specifically authorized by the enabling legislation, and that the notice provided by the building permit is insufficient. We find both arguments to be without merit.

The Pennsylvania Constitution, Article VIII, §2(b)(iii) provides:

(b)   The General Assembly may, by law:

. . . .

(iii)   Establish standards and qualifications by which local taxing authorities may make uniform special tax provisions applicable to a taxpayer for a limited period of time to encourage improvement of deteriorating property or areas by an individual, association or corporation, or to encourage industrial development by a non-profit corporation; . . . .

Pursuant to this authorization, the General Assembly has enacted the Local Economic Revitalization Tax Assistance Act, Act of December 1, 1977, P.L. 237, 72 P.S. §§4722-4727 (Act). Section 4727 of the Act provides:

§4727.   Procedure for obtaining exemption.

(a)   Any person desiring tax exemption pursuant to ordinances or resolutions adopted pursuant to this act, shall notify each local taxing authority granting such exemption in writing on a form provided by it submitted at the time he secures the building permit, or if no building permit or

other notification of improvement is required, at the time he commences construction. . . .

Appellant argues that because the Act does not provide for a time limit within which to apply for the exemption, §19-1303(3), which implements the Act, may not limit the time in which a taxpayer must apply for the exemption. We disagree. The Act specifically provides that the taxpayer must notify the local taxing authority of his or her intention to seek an exemption "at the time he secures the building permit." The Philadelphia City Council has interpreted this to mean "within sixty days of [securing] the building permit." This is a reasonable interpretation which is within the authority granted to the City to supplement the enabling legislation. The Act specifically provides that it "shall be construed to authorize local taxing authorities to" provide tax exemptions. 72 P.S. §4723. The plain language of the Act clearly contemplates that whether the exemption will be available and how it is to be obtained is left to the determination of the local taxing authorities.[1]

Appellant next argues that the notice provided by the building permit was insufficient, thereby causing a

---

[1] Appellant also argues that Section 19-1303(3) of the Philadelphia Code is contrary to the intent of The Pennsylvania Constitution, Article VIII, §2(b)(iii), because this section of the Constitution does not authorize a tax exemption, which must be strictly construed, but allows for "special tax provisions . . . to encourage improvement of deteriorating property. . . ." Appellant argues that a "special tax provision" is not an exemption and must be broadly rather than strictly construed. We find this argument to be without merit. The "special tax provision" is no more than an exemption which may be enacted by local taxing authorities for a limited period of time. As such, it must be strictly construed as must all tax exemptions. *See Academy Plaza Associates, Ltd. v. Board of Revision of Taxes, City of Philadelphia,* 94 Pa. Commonwealth Ct. 517, 503 A.2d 1101 (1986).

breakdown in the judicial process which warrants *nunc pro tunc* relief. This precise argument was considered and rejected by this Court in *Academy Plaza Associates, Ltd. v. Board of Revision of Taxes, City of Philadelphia,* 94 Pa. Commonwealth Ct. 517, 503 A.2d 1101 (1986).[2]

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, June 27, 1986, the order of the Court of Common Pleas of Philadelphia County, at No. 4326, March Term 1985, dated May 14, 1985, is affirmed.

---

[2] Appellant, in addition to the arguments raised in *Academy Plaza Associates,* argues that the notice on the building permit is insufficient because the permit was issued to Appellant's architect and not directly to Appellant. Because we conclude that the architect was Appellant's agent and because the permit was publicly posted at Appellant's facility, we find this argument to be without merit.

---

DISSENTING OPINION BY JUDGE ROGERS:

This tax exemption case grows out of the Local Economic Revitalization Tax Act (LERTA), Act of December 1, 1977, P.L. 237, 72 P.S. §4722-4727. The purpose of LERTA is to encourage the improvement of deteriorated properties by authorizing local taxing authorities to exempt from local taxes properties whose owners are willing to bear the costs of improvements. The City of Philadelphia on the authority of LERTA, added implementing provisions to the City Code.

Section 6(a) of LERTA, 72 P.S. §4727(a), is entitled "Procedure for Obtaining Exemption" and provides that "Any person desiring tax exemption pursuant to ordinances or resolutions adopted pursuant to this act, shall notify each local taxing authority granting such exemption in writing *on a form provided by it* submitted at the time *he* secures the building permit. . . ." (Empha-

sis supplied.) Philadelphia Code Section 19-1303(3)(a), a part of the Code provisions implementing LERTA, provides the following procedure: "At the time a building permit for construction or an improvement is applied for the Department of Licenses and Inspections shall notify the applicant by printed notice of the possibility of a tax exemption under this bill."

As appears by the facts in this case, the procedure actually followed by Philadelphia's Department of Licenses and Inspections was to attach to building permits (we are told in small print) the following notice: "Information for exemption from a real estate tax on improvements to properties may be obtained by contacting the Board of Revision of Taxes. . . ."

I respectfully dissent from the order of the majority upholding the denial of exemption in this case because the City's procedure complies neither with LERTA nor the relevant provision of the City Code.

As we have seen, LERTA requires the local taxing authority to provide the applicant for a permit to improve a deteriorated property with a form upon which he may request the exemption. No such form was provided to the applicant.

The Philadelphia Code provides, as we have also seen, that the Department of Licenses and Inspection "shall notify the applicant" for a building permit at the time of the application "of the possibility of a tax exemption under this bill." The notice provided the taxpayer in this case did not notify the appellant of the possibility of an exemption; it told the appellant only where information for exemption "may be obtained."

Finally, LERTA confers no legislative rule-making power upon the local taxing authority; it grants no rule-making powers whatsoever. Hence, Philadelphia's procedure which so markedly deviates from the procedures established by LERTA, is certainly ineffective.