Weston Hauling, Inc., Appellant, *v.* Pennsylvania Public Utility Commission.

Argued November 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Harry H. Frank,* with him *Jefferson C. Barnhart, Marshall G. Matheny, Matthews & Matheny,* and *Mc-Nees, Wallace & Nurick,* for appellant.

*William A. Donaher,* Assistant Counsel, with him *Edward Munce,* Assistant Counsel, and *Thomas M. Kerrigan,* Acting Counsel, for Public Utility Commission, appellee.

*Jerome Solomon,* for complainants, appellees.

OPINION BY WRIGHT, J., January 21, 1958:

We are here concerned with the appeal of Weston Hauling, Inc., from an order of the Pennsylvania Public Utility Commission which sustains a complaint by Valley Freight Line, Inc., and Keystone Lawrence Transfer and Storage Company, and directs that appellant cease and desist from transportation other than as authorized by its certificate of public convenience. It will be necessary to set forth the factual background in some detail.

On August 16, 1938, following the filing of a complaint by a number of carriers alleging the transportation of property without a certificate of public convenience, Conte Brothers, a partnership, made application to the Commission for authority to render certain service as set forth in the footnote.[1] Protests were

---

[1] "Applicant seeks the right to rent the above equipment to contractors, equipment dealers and similar industrial concerns with applicant's own drivers on an hourly or daily rate basis for the purpose of moving heavy industrial machinery, contractors' equipment and materials of all kinds, particularly tractors, rollers, concrete mixers, power shovels and other road building equipment and materials, between points in the borough of Wilkinsburg, Allegheny County, and within a radius of 50 miles thereof and from points in the said territory to other points in Pennsylvania and vice versa; and the right to lease equipment to contractors or others

filed by the complainants and other carriers. At the hearing on September 14, 1938, counsel for Conte Brothers made a statement for the record expressly limiting the application, which statement is also set forth in the footnote.[2] By its order dated January 29, 1940, the Commission sustained the complaint without penalty, and directed that a certificate of public convenience issue evidencing approval of the following authority (italics supplied): "the right to lease *heavy hauling equipment* with drivers to contractors, equipment dealers and industrial concerns on an hourly or daily rate basis *for the purpose of moving heavy industrial machinery, contractors' equipment and materials of all kinds, particularly tractors, rollers, concrete mixers, power shovels and other road building equipment and materials,* between points in the Borough of Wilkinsburg, Allegheny County, and within a radius of 50 miles thereof and from points in the said

---

in the said territory for the transportation of their equipment or machinery between points throughout the Commonwealth".

[2] "Mr. Examiner, there is some confusion about the scope of this application and I think if I make a preliminary statement it will clear up the question in the minds of a number of protestants so if we are ready to proceed with your permission I will make a preliminary statement for the record limiting the application.

"The application of Conte Brothers is solely for the purpose of leasing special equipment with drivers for the purpose of hauling contractors' equipment and heavy industrial machinery such as tractors, rollers, concrete mixers, power shovels and road building equipment between points in the Borough of Wilkinsburg, Allegheny County, and within a radius of 50 miles thereof and from points in said territory to other points in Pennsylvania and vice versa.

"In other words, Mr. Examiner, a number of protestants thought we were seeking the right to haul property generally and we are not. We are just seeking the right to haul this special heavy equipment which will be described in more detail when I call my witness".

territory to points in the Commonwealth of Pennsylvania west of and including the counties of McKean, Cameron, Clearfield, Cambria and Bedford and vice versa".

The certificate in question was subsequently transferred from the partnership to Conte Brothers, Inc., a corporation. On July 21, 1947, the name of the corporation was changed to Weston Hauling, Inc. In the instant proceeding the complaint alleged that appellant was transporting steel in bundles and coils, steel castings, acid, pipe, fire brick and lumber without lawful authority. In its answer appellant admitted the transportation complained of, but averred that it was acting lawfully under the authority granted to it by the Commission. Briefly stated, the controversy turns on the effect in the certificate of the words "and materials of all kinds". In this connection we quote with approval the following excerpts from the Commission's order:

"Complainants contend that Conte Brothers, the original applicant, sought authority solely to transport heavy industrial machinery and heavy contractors' equipment and that the grant of authority gave them and their successor this authority and nothing more; and that the words 'materials of all kinds' are a part of a descriptive series commencing with the words 'heavy industrial machinery' and ending with the words 'and other road building equipment and materials' related to these items, and not to such items as sheet steel, coil steel, lumber, castings, acid, pipe, or fire brick. Respondent relies upon the authority and language of its certificate, and contends that sheet steel, coil steel, lumber, castings, acid, pipe and fire brick come within the scope of its authority by reason of the words 'materials of all kinds'.

"We have no doubt that 'materials of all kinds' which may be transported by authority of respondent's certificate of public convenience must be in the class of or related to 'heavy industrial machinery and contractors' equipment' and not materials or property in an unrestricted sense. The grant contemplated a specialized service for the transportation of heavy industrial machinery and contractors' equipment such as the specifically mentioned tractors, rollers, concrete mixers and power shovels. In this connection it is to be noted that the type of equipment to be used in the authorized service is 'heavy hauling equipment' which of itself classifies and limits the nature of the property to be transported. Sheet steel, coil steel, lumber, castings, acid, pipe and fire brick do not require 'heavy hauling equipment' for their efficient transportation . . .

"From the foregoing, it is clear that respondent's certificate only authorizes transportation in the field of 'heavy hauling'. It does not and never was intended to authorize transportation of property in general. In order to accept respondent's contention, it would be necessary to take the phrase 'materials of all kinds' out of context and give it undeserved and unintended weight and meaning. In fact, if the phrase had such weight or meaning, the rights inherent in the phrase would engulf and make superfluous the rights specifically granted".

Appellant contends that the Commission erroneously (1) deleted plain language from its certificate by interpretation; (2) based its interpretation of the certificate on invalid premises; and (3) re-analyzed and re-weighed the antecedent proof to interpret its unambiguous order. We are not in accord with these contentions. If we agree with appellant that our review

should be confined to an examination of the language of the certificate itself, we nevertheless conclude that the Commission was entirely justified in its position that the initial words in the grant of authority, namely, "to lease heavy hauling equipment", limited appellant's operations to the heavy hauling field. This interpretation is supported by the illustrative items which follow the words "materials of all kinds". However, we do not feel that the Commission erred in taking into consideration the type of service contemplated at the time the application was filed. See *Dillner Transfer Co. v. Pa. P. U. C. (No. 2)*, 175 Pa. Superior Ct. 472, 107 A. 2d 164. If we enlarge our review to include an examination of the record in the original proceeding, it is clear that the applicant had in mind a service requiring heavy hauling equipment, and no other.

We deem it unnecessary to repeat what we have just said at some length in *D. F. Bast, Inc. v. Pa. P. U. C.*, 185 Pa. Superior Ct. 487, 138 A. 2d 270, regarding our function in appeals of this nature. We do not substitute our judgment for that of the Commission, but determine only whether there is error of law, or lack of evidence to support the order, or violation of constitutional rights: *Pennsylvania Railroad Co. v. Pa. P. U. C.*, 185 Pa. Superior Ct. 115, 138 A. 2d 279. In the words of President Judge RHODES in *Dillner Transfer Co. v. Pa. P. U. C. (No. 1)*, 175 Pa. Superior Ct. 461, 107 A. 2d 159: "Furthermore, the Commission, as an administrative agency, is peculiarly fitted to interpret its own orders, especially where the question raised concerns the extent and limit of transportation rights granted a carrier under a certificate issued by the Commission. In recognition of this principle a court will not set aside a construction placed upon its own orders by an administrative agency unless the re-

sult is clearly erroneous, arbitrary, and unsupported by evidence".

Appellant also contends that the Commission's refusal on April 8, 1940, of a petition for reconsideration of its order of January 29, 1940, constituted an interpretation of the certificate; and that the Commission cannot fifteen years later arrive at a second interpretation contrary to the first and thus nullify "the statutory time limits for appeals, rehearing, modification, and rescission". A sufficient answer to this argument is that the extent and scope of appellant's authority was never previously interpreted. The question of appellant's right to transport steel in bundles and coils, steel castings, acid, pipe, fire brick and lumber was not raised in the petition for reconsideration and was not determined by the order of the Commission thereon. Nor are we impressed by appellant's final contention that the "transportation complained of is within the Commission's own definition of heavy hauling".

To summarize, we have carefully reviewed this record and do not find errors of law, lack of evidence to support the determination of the Commission, or violation of constitutional rights. We have therefore concluded that the order of the Commission should not be disturbed.

Order affirmed.