Darby, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued December 16, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Frederick L. Kiger*, with him *Jerome Solomon*, for appellant.

*Paul Ribner*, Assistant Counsel, with him *Thomas M. Kerrigan*, Counsel, for Pennsylvania Public Utility Commission, appellee.

*James H. Booser*, with him *McNees, Wallace & Nurick*, for intervening appellee.

314

Opinion by Watkins, J., April 16, 1959:

This appeal concerns the scope of the certificate of the appellant, C. V. Darby, trading as and doing business as Darby Transfer and Storage, as construed by the Pennsylvania Public Utility Commission, in complaint proceedings instituted by Motor Freight Express, intervening appellee.

The question raised is whether the transportation of automobile body cleaners and Simoniz wax to the Automotive Supply Company, in the City of Altoona, Pennsylvania, the Superior Parts Service Company, in Altoona, Pennsylvania and to several food stores in Altoona and Huntingdon, Pennsylvania, all of which shipments originated in Pittsburgh, Pennsylvania, was permitted by the following certificated rights, which authorized transportation as a Class D carrier of: "Groceries, lubricants and paper from points in the City of Pittsburgh, Allegheny County, to points in Pennsylvania within one hundred and twenty (120) miles by the usually traveled highways, of the City-County in said city".

The commission found that automobile body cleaners and Simoniz wax were not authorized by the certificate as groceries. The appellant claims that the word "groceries" was broad enough to cover such commodities and appealed from the order.

This is clearly a case involving the interpretation of one of its own orders and this Court has clearly set forth the governing principle in *Weston Hauling, Inc. v. Pa. P. U. C.*, 185 Pa. Superior Ct. 503, 509, 138 A. 2d 286 (1958) that ". . . Furthermore, the Commission, as an administrative agency, is peculiarly fitted to interpret its own orders, especially where the question raised concerns the extent and limit of transportation rights granted a carrier under a certificate issued by the Commission. In recognition of this principle a

court will not set aside a construction placed upon its own orders by an administrative agency unless the result is clearly erroneous, arbitrary, and unsupported by evidence."

It is necessary, therefore, only for us to determine whether the interpretation of this order by the commission was clearly erroneous, arbitrary and unsupported by evidence.

The appellant placed great weight on testimony given by appellant's predecessor in interest at the original hearing in 1932 which resulted in the grant of the license involved, where the applicant gave his definition of groceries as, "anything that is handled in a grocery store". Certainly, even in 1932, this would take the definition of groceries far beyond its usual connotation of "articles for human consumption and articles used in the preparation of food". But today it would include practically everything because the modern market, like the modern drug store, has expanded far beyond the description of a store that handles nothing but groceries. It seems important to note, however, that despite the testimony of the applicant, the commission did not grant him rights to carry "anything that is handled in a grocery store", but limited it definitely to groceries and this restriction certainly cannot be taken as an endorsement of the appellant's definition.

The appellant also holds an interstate commerce commission certificate authorizing the interstate transportation of "such commodities as are sold in chain grocery stores". While it is true that the decisions of the Interstate Commerce Commission are not binding on this Court, we have held that they may have a persuasive effect. *Highway Express Lines, Inc. v. Pa. P. U. C.*, 164 Pa. Superior Ct. 145, 149, 63 A. 2d 461 (1949). It is, therefore, interesting to note that the

316

interstate commerce commission adopted what has been for many generations the accepted definition of groceries, that is, to mean "articles for human consumption and articles used in the preparation of food". *Scott Truck Line, Inc. v. U. S.*, 163 F. Supp. 118, 121-122 (1958). The Federal Courts approved this definition of the Interstate Commerce Commission. *Scott Truck Line, Inc. v. U. S.*, supra; *Bird Trucking Company v. U. S.*, 159 F. Supp. 717, 719-721 (1955). See also: Webster's New International Dictionary (2d ed. unabridged 1947) p. 1105, where groceries are defined as "chiefly foodstuffs".

We cannot find the necessary compelling reasons to set aside the interpretation of the commission's order that automobile body cleaners and Simoniz wax are not groceries; but on the contrary, find the commission's construction to be supported by reason, logic, common sense, the Interstate Commerce Commission and the Courts.

Order affirmed.