Ferry, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 15, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Christian V. Graf,* for appellant.

*Daniel F. Joella,* Assistant Counsel, with him *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Paul F. Barnes,* with him *Robert H. Shertz,* and *Shertz, Barnes & Shertz,* for intervening appellees.

OPINION BY GUNTHER, J., June 15, 1960:

This appeal, by Kenneth W. Ferry, is from the order of the Pennsylvania Public Utility Commission directing him to cease and desist from further engag-

ing in the bulk transportation of gasoline or fuel oil in competition with other carriers specifically certificated to perform such services.

Coastal Tank Lines, Inc., William F. Crossett, Inc., Leaman Transportation Corporation and E. Brooke Matlack, Inc., certificated carriers to transport liquids in bulk in tank vehicles, filed a complaint with the Pennsylvania Public Utility Commission against Kenneth W. Ferry, alleging that appellant here had engaged in the bulk transportation of gasoline or fuel oil in tank trucks or vehicles without first having obtained a certificate of public convenience authorizing such transportation. The specific violations charged against appellant occurred on May 12 and 13, 1958, and included shipments of 6,600 gallons of gasoline to Lock Haven, Pennsylvania; 5,600 to 6,600 gallons of gasoline or fuel oil to Bedford, Pennsylvania, and 5,600 to 6,600 gallons of gasoline to Philipsburg, Pennsylvania. The complaint also charged a weight limitation violation which exceeded that authorized in Kenneth W. Ferry's certificate of public convenience issued at Application Docket No. 64834, Folder 1, Amendment B.

Appellant filed an answer and motion to dismiss the complaint, admitting the transportation of said fuels. He averred that he was authorized to engage in such transportation by virtue of the authority granted to him in his certificate of authority. The motion to dismiss the complaint was refused and hearings on the complaint were held on July 9 and September 16, 1958. Thereafter, the Commission, by its order dated September 21, 1959, found that appellant's certificate did not authorize him to engage in the bulk transportation of gasoline or fuel oil in tank trucks or vehicles, sustained the complaint and entered the cease and desist order. This appeal followed.

The sole question raised on this appeal is whether a certificate of authority which authorizes the transportation of "property" includes the transportation of liquid fuels and gasoline. The Commission held that it did not.

Appellant's authority, as contained in Application Docket No. 64834, Folder 1, Amendment B, authorized him "To transport, as a Class D carrier, property (excluding newspapers, ice cream, bread, frozen foods, household goods in use and any other property, any single unit or piece of which weighs in excess of five (5) tons, or which would require the use of low-bed trailers or trucks) from points in the Borough of Martinsburg, Blair County, and within an airline distance of thirty (30) miles of the limits thereof to points within an airline distance of one hundred eighty miles of the limits of said Borough, and vice versa. . . ."

At the time of hearings, appellant admitted that, by reason of the tariff he filed showing the smallest unit, piece, package or shipment which he would transport is a minimum of 6,600 gallons for gasoline and a minimum of 5,600 gallons for kerosene or fuel oil. He also admitted that the weight of one gallon of gasoline is between 6.2 and 6.6 pounds and that the weight of one gallon of fuel oil is between 6.8 and 7.2 pounds. It thus appears that appellant has exceeded the weight limitations contained in his certificate of authority.

Appellant contends here that the word "property" as contained in his certificate of authority gave him the right to transport any type of property except as to the specific limitations contained in said certificate. He urges that the term "property" should be used in its generic sense and that, therefore, no limitations should be placed on it. Such construction, of course, would lead to chaos in the transportation industry. Certificated carriers of one commodity would discover

that, regardless of the service offered to the public, its field of certification would be invaded by another carrier and that he, in turn, could invade a field of transportation never contemplated by him. The public, on the other hand, would be left to the whim of the carrier, and if the carrier did not see fit to haul a certain type of commodity, he could refrain from such hauling or demand that other commodities be turned over to him for hauling, as a condition to accepting the commodity. Hearings by the Commission for authority to grant or refuse certification for the transportation of certain commodities would be abolished and objections by certificated carriers would be useless if such a broad interpretation of "property" as here contended for by appellant would be authorized.

We have held repeatedly that our review is not to substitute our judgment for that of the Commission, but to determine whether there is error of law or lack of evidence to support the order of the Commission. *Motor Freight Express v. Pennsylvania P. U. C.,* 188 Pa. Superior Ct. 80, 146 A. 2d 323; *Reading Co. v. Pennsylvania P. U. C.,* 188 Pa. Superior Ct. 146, 146 A. 2d 746; *Pennsylvania Railroad Co. v. Pennsylvania P. U. C.,* 185 Pa. Superior Ct. 115, 138 A. 2d 279. The Commission, in order to ascertain the circumstances under which the authority was granted to appellant, reviewed the testimony given by him in 1947, at the time application was made for amendment of the rights in issue. While oil was referred to as a commodity which he desired to transport under his certificate, no shipper witnesses were produced to show a necessity for such certification and no specific request was made to include this right in his application. Furthermore, in his basic application proceedings in 1946, appellant expressly defined and stipulated that the word "property" in his certificate should be limited to "building

supplies." This stipulation, according to the Commission, eliminated many protests. In his 1947 application, appellant was seeking to enlarge his rights territorially so as to serve other customers.

Appellant urges that the Commission had no right to go back to the original application to determine what was intended by the word "property". He contends that, notwithstanding that such records were incorporated in the record by reference and without objection, the issuance of the certificate marks the end of the proceedings and that such inquiry was without authority. To support such contention, appellant relies on various Interstate Commerce Commission decisions. While such decisions may be persuasive in some respects, we do not consider such decisions as either binding us or the Pennsylvania Public Utility Commission. To determine the authority granted to appellant, the type of service contemplated at the time of the original application is a significant consideration. *Weston Hauling, Inc. v. Pennsylvania P. U. C.,* 185 Pa. Superior Ct. 503, 138 A. 2d 286; *W. J. Dillner Transfer Co. v. Pennsylvania P. U. C. (No. 2),* 175 Pa. Superior Ct. 472, 107 A. 2d 164.

In *Marmer v. Pennsylvania P. U. C.,* 190 Pa. Superior Ct. 436, 154 A. 2d 262, President Judge RHODES in speaking for this Court said: ". . . As an administrative agency the commission is peculiarly fitted to interpret its own orders and to determine the extent and the limit of transportation rights granted to a carrier under its certificate of public convenience; and this Court will not set aside a construction placed upon the certificate by the commission unless the result is clearly erroneous, arbitrary, and unsupported by the evidence . . ." We do not find error in law; the result here reached is not arbitrary but based on common sense, and the evidence clearly supports the order en-

tered. See *Pennsylvania P. U. C. v. W. J. Dillner Transfer Co.*, 191 Pa. Superior Ct. 136, 155 A. 2d 429.

The order of the Commission is affirmed.