## Symons v. National Electric Products, Inc.

*Myron E. Rowley*, for plaintiff.
*Reed, Ewing, Orr & Reed*, for defendant.

McCREARY, P. J., November 1, 1962. — Richard C. Symons, Jr., age 29, was injured on August 21, 1952, as a result of an accident while working within the course of his employment as a moulding machine oper-

ator for National Electric Products, Inc., at which he received a compound fracture of both legs, in the nature of a crushing type injury, which resulted in the amputation of both legs at points above each knee.

Soon after this accident occurred, a compensation agreement no. 5,980,296 was entered into between the parties, and, based upon an average weekly wage of $76.61, compensation payments at the total disability rate of $30 per week began on August 28, 1952. Even though this claimant returned to work on January 28, 1954, where he has been working ever since without loss of wages, compensation payments at a total disability rate were continued through November 23, 1960, the expiration of 430 weeks from the date of the accident. This 430 weeks covers the specific loss of two legs as set forth under section 306(c) of the Workmen's Compensation Act of June 21, 1939, P. L. 566, as amended, and the payment made for that period totals $12,900. In addition, medical expenses, including local hospital and doctor, as well as the extensive costs of the rehabilitation program, totalling $6,803.33, were paid by the Liberty Mutual Insurance Company.

At the expiration of the 430-week specific loss period the insurance carrier and the claimant voluntarily entered into supplemental agreements providing for a *suspension* of compensation payments until such time as claimant's disability, if any, again reflected itself in a loss of earning capacity. Said executed agreements were disapproved by the Workmen's Compensation Board on the ground that this matter cannot be handled by agreement, but rests entirely within the discretion of the Workmen's Compensation Board.

Based upon the detailed facts and of the record in the transcript of testimony, National Electric Products, Inc., by and through its carrier, the Liberty Mutual Insurance Company, filed a petition to suspend further compensation payments to this claimant after the ex-

piration of the 430-week specific loss period until such time as this claimant's disability reflects itself in a loss of earning capacity. Recognizing the serious injuries involved, defendant made no attempt to *terminate* compensation, but only seeks to *suspend* further compensation as long as this claimant continues to *earn* greater wages than he did prior to his unfortunate injury.

Referee Abrahams' remarks of record leave no doubt of his conviction that this claimant is not totally disabled and is now, because of the rehabilitation measures afforded him, a useful working member of society. However, the referee, and rightly so, dismissed defendant's petition to suspend, realizing that a decision in this matter was not for him to make but was a matter entirely within the discretion of the Workmen's Compensation Board.

Defendant appealed to the Workmen's Compensation Board and the case was argued in Pittsburgh, Pennsylvania, at which time Mr. Symons was represented by Myron E. Rowley, Esq., of the Beaver County bar.

The Workmen's Compensation Board, in a well written opinion dated April 18, 1962, reversed the referee and granted defendant's petition to suspend. The Workmen's Compensation Board, quoting section 306(c) of the Workmen's Compensation Act, stated that under the clear provisions of said section ". . . it is incumbent upon the Board, in the exercise of its discretion, to determine whether the 'unless the Board shall otherwise determine' clause shall be applied in this case. Each case necessarily depends upon its particular facts . . . It is just such a situation as is presented here that we feel prompted the legislature to embody a clause granting an alternative to continuing total disability compensation."

Claimant has filed this appeal from the decision of the Workmen's Compensation Board, alleging general exceptions to the findings of said board.

Defendant properly states the questions involved as follows:

"I. Does Section 306(c) of the Workmen's Compensation Act, as amended, wherein it is stated: *'Unless the Board shall otherwise determine,* the loss of both hands or arms or both feet or both legs or both eyes, shall constitute total disability, to be compensated according to the provisions of clause (a), give the Workmen's Compensation Board exclusive discretion in this case? (Italics supplied.)

"II. Has the Workmen's Compensation Board, in exercising its discretion, based its findings upon competent and substantial evidence of record sufficient to sustain its findings?

"III. Should a Workmen's Compensation Insurance Carrier, who without obligation on its part furnishes a rehabilitation program to an injured claimant and as a result of said rehabilitation returns the claimant to a useful member of society, be entitled to recoup some of its large costs of rehabilitation by a savings in payments of compensation to the claimant, so long as the claimant, because of those rehabilitation measures, earns wages considerably in excess of wages formerly earned?"

The legislature, under section 306(c), subsection 24, has characterized the compensation payable in such a situation as we have in the instant case by stating:

*"Unless the board shall otherwise determine,* the loss of both hands or both arms or both feet or both legs or both eyes shall constitute total disability, to be compensated according to clause (a)": 77 PS §1406(c).

There can be no doubt as to the obvious fact that the legislature, by this clear wordage, intended that one, who, as here, sustains the loss of both legs shall be considered and paid compensation as a total disability case (700 weeks in the instant case) "unless the board

shall otherwise determine." This wordage also can leave no doubt as to the intent of the legislature that no such case shall automatically be considered as one of permanent total disability. We must assume the intelligence of our lawmakers. Under section 306 (c) of the Workmen's Compensation Act, for example, they have stated in subsection 18 thereof:

"For the loss of a great toe, sixty-six and two-thirds per centum of wages during forty weeks."

In a like manner in 20 odd numbered subsections of section 306 (c), the legislature has set forth in clear language that a certain number of weeks compensation is to be paid for a certain enumerated specific loss. In none of these numbered paragraphs do they preface their words by the phrase "unless the board shall otherwise determine." No discretion is left with the board as to the amount of compensation to be paid in these instances. The legislature then comes to paragraph 24, involving, as in the case we are considering, the loss of two legs, and for the first time the term "unless the board shall otherwise determine" is inserted. We cannot assume that the legislature added such clear words but intended us to ignore them or regard them as surplusage. If the legislature intended that the loss of two legs would automatically entitle a claimant to permanent total disability, how much easier and logical it would have been to say, "For the loss of two legs, sixty-six and two-thirds per centum of wages during 700 weeks." They realized that in each such case the facts of same must be considered, so they lodged discretion in the board to decide in each case whether or not claimant was in fact totally disabled as a result of said injury. In Lemoyne Borough Annexation Case, 176 Pa. Superior Ct. 38, the court said (p. 51) :

". . . Every law shall be construed, if possible, to give effect to all of its provisions. Statutory Construction Act, 1937, May 28, P. L. 1019, Art. IV, Sec. 51,

46 PS §551; Kerns et al. v. Kane et al., 363 Pa. 276, 69 A. 2d 388. In ascertaining the legislative intent it may be assumed that the Legislature intended the entire statute to be effective and certain. Com. v. Stingel, 156 Pa. Superior Ct. 359, 40 A. 2d 140. *A construction which relegates some words in a statute to a position of surplusage is not permissible unless no other construction is reasonably possible.* Com. v. Hubbs (No. 1), 137 Pa. Superior Ct. 229 . . ." (Italics supplied.)

No other logical interpretation can be followed without utter disregard of the clear intent of the legislature in this regard. Our appellate courts have never denied that this discretion in the board exists or held that the board had no such discretion.

Attention is called to the following cases concerning this question of discretion, most of which have not been cited by counsel for plaintiff even though he uses some of them in support of other contentions:

1. Rutledge v. Daley's Blue Line Transfer Co., 152 Pa. Superior Ct. 118. Claimant in this case sustained the loss by amputation of both feet below the knees. Although he was fitted with artificial feet, he walked with extreme difficulty in a stooped position, and with two canes. The Workmen's Compensation Board, after hearing and argument and after a consideration of all the facts in this case, exercised its discretion and found the claimant to be totally disabled. In its opinion, the Superior Court referred to the provision "unless the board shall otherwise determine", and noted that the board had exercised its discretion, stating (p. 123):

"The board has not determined otherwise in this case. In fact it has specifically ruled in consonance with the legislative declaration."

Thus the court in the Rutledge case recognized the existence of the discretion in the board in the form of a "legislative declaration" and merely noted that the

board had exercised its discretion as was their duty and right.

2. Zimmerman v. Pennsylvania Farm Bureau Co-operative Assn., 14 D. & C. 2d 245. Claimant Zimmerman, for all intents and purposes, lost both eyes in an industrial accident. After hearing, the Workmen's Compensation Board exercised its discretion and found him to be totally disabled. Facts of record disclosed that claimant returned to work, but other employes had to be with him at all times and practically guide him in his minor clerical duties. The court quoted the provision "Unless the board shall otherwise determine" and stated that the board had not determined this claimant to be less than total. Therefore, the right and duty of the board in this regard was recognized. It exercised its discretion.

3. Shoop v. Chambersburg Baking Company, 189 Pa. Superior Ct. 20. We had the advantage of the paper books in this case.

A review of this case will disclose that a full hearing was held before the referee and the Workmen's Compensation Board to determine the facts of that case. After said hearing the board found that claimant was totally disabled. The lower court on appeal reversed the board, not on the theory that the board had no right to exercise its discretion but on the theory that the board's finding of total disability was not supported by substantial and competent evidence. (See opinion of Judge Depuy of the lower court.) Thus, the lower court recognized the rights and duties of the Workmen's Compensation Board as set forth by legislative declaration. Further, counsel for claimant in his brief in the Shoop case draws attention to the provision "unless the board shall otherwise determine" and, recognizing the board's right to exercise its discretion, stated that, "If the legislature did not intend the Court to consider economic consequences when could the

Board ever 'determine otherwise'." Claimant's attorney in the Shoop case then goes on to note that, "There are, of course, many situations in which the Board could determine, if it saw fit, that such Section 306(c) injuries did *not* constitute permanent, total disability . . . Indeed, because Section 306(c) includes within its purview many injuries, the physical condition of which can change, *it is necessary that the Board be given such discretion.*" The Shoop case is authority for defendant's contention that the board is vested with discretion, rather than authority against it.

Attorney for defendant in the Shoop case discusses this discretionary power question in some detail. He notes that unless the board has this discretion "the words 'Unless the board shall otherwise determine . . .' are totally meaningless." He notes that by such words the legislature "did intend that there was a responsibility in the part of the Board to determine this question, when raised in a proper case, upon the evidence presented. This determination must be based on the facts in each case."

The appellate court in its decision does not deny the board's right to exercise discretion. There was no need to do so, for the board in the Shoop case had exercised its discretion and refused to declare claimant other than totally disabled.

Thus, in the Shoop case, this vital question of the board's discretionary rights was directly or indirectly conceded by claimant's attorney, defendant's attorney, the lower court and the appellate court. This court finds that the Workmen's Compensation Board, under section 306(c), subsection 24, not only has the right to exercise its discretion, but it has a duty to exercise it under direct and clear legislative directive and declaration.

If this is not a case contemplated by the legislature as one in which the board is free to exercise its dis-

cretion, it is difficult, if not impossible, to imagine any case where the board might "otherwise determine." In the Shoop case, the board exercised its discretion by finding for the claimant on the record. In the case we are considering, the board exercised its discretion, on the record, by finding for defendant.

Having determined that the Workmen's Compensation Board, by clear mandate of the legislature, has performed its duty of "deciding otherwise" in the instant case, the only matter remaining for consideration by this court is whether or not the Workmen's Compensation Board's decision and findings were based upon competent and substantial evidence of record sufficient to sustain its findings.

The function of the court in reviewing a determination of an administrative body is not to substitute the court's judgment for that of the administrative body, but to determine whether there is lack of evidence to support the action taken by the administrative body: Ferry v. Pennsylvania Public Utilities Commission, 192 Pa. Superior Ct. 331.

It is the court's province on an appeal from an administrative agency to determine the propriety of the agency's findings, which must be supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. However, the court will examine, but not weigh, the evidence, since the fact finding tribunal is in a better position than the court to pass upon elements of fact, dependent upon oral testimony, and the court may not substitute its judgment for that of the agency: Pennsylvania State Board of Medical Education and Licensure v. Ferry, 172 Pa. Superior Ct. 372.

The findings of an administrative body shall not be set aside unless the record clearly precludes the decision of the administrative body from being justified by a fair estimate of the worth and testimony of wit-

nesses or its informed judgment on matters within its special competence or both: Koppers Company, Inc., v. United States, 166 F. Supp. 96.

Findings of fact made by the Workmen's Compensation Board are conclusive and cannot be disturbed on appeal if supported by competent and substantial evidence in the record sufficient to sustain the findings: Rohner v. Fox Products, 164 Pa. Superior Ct. 610; Soviak v. Northwest Coal Company, 52 Lack. Jur. 252.

An administrative body may interpret a statute which confers upon it duties and functions, and, generally its construction is persuasive upon the courts: Hotel Casey Company v. Ross, 343 Pa. 573.

The court cannot interfere with the discretion of the board: Hutchison v. Pennsylvania Public Utility Commission, 168 Pa. Superior Ct. 319.

By a long line of cases, too numerous to mention, it has become well established that whether or not a claimant is totally disabled is a question of fact for the workmen's compensation authorities. A review of the testimony in the present case will disclose that claimant is far from totally disabled. He does his work, performing a regular job and not a job created for him, in a proper manner with minor limitations and is considered to be a valued employe. He drives an automobile and carries on a home life as near to normal as can possibly be under the circumstances, which includes paving a driveway, painting rooms, installing a new picture window and fathering a child. The evidence in this case is uncontroverted that claimant has been working full time and earning wages substantially in excess of those he previously earned and, in fact, in excess of those he would have been earning had he progressed in his old job. He could not, therefore, under any test known to the law be found to be *totally disabled*. Hence, the board's findings are supported by more than substantial, uncontroverted and

competent evidence. Under the facts of this case, for the board to have found him totally disabled would have been to disregard entirely overwhelming evidence to the contrary.

The Workmen's Compensation Board has not abused its discretion, has based its decision upon competent evidence and has exercised its rightful discretion based upon the law and the evidence in this case. Thus, the board's findings are conclusive and should not and cannot be disturbed by this court.

This matter was given exhaustive and complete hearing before the workmen's compensation authorities, after which the Workmen's Compensation Board exercised their right and duty and found claimant not to be totally disabled. Compensation payments were suspended by the board so long as, and only so long as, this claimant continued to be employed and earn wages equal to those he earned prior to his accident. The Workmen's Compensation Board has the sole discretionary right in this matter, and their decision was based upon sufficient competent testimony. The findings of the Workmen's Compensation Board is a question of fact, and not subject to review by this court in the absence of a clear abuse of the board's discretion. There has been no such abuse in this case. Compensation payments have not been terminated but merely suspended within the provisions of the Workmen's Compensation Act, as amended.

The industry and ambition of this claimant has not penalized him, but by his actions and with the aid of proper rehabilitation, he has been returned to society as a useful member rather than being left to sit out his life as a vegetable.

The decision of the Workmen's Compensation Board should be affirmed.

Entertaining these views, we make the following

*Order*

Now, November 1, 1962, for the reasons stated, the appeal is dismissed and the order of the Workmen's Compensation Board, suspending compensation for total disability as of November 24, 1960, until such time as disability is reflected in a loss of earning power, within the meaning and limitations of the Workmen's Compensation Act, is affirmed, and the board's substituted findings of fact and conclusions of law are also affirmed.